IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNARD GATEWOOD                                                              PETITIONER

vs.                              CASE NO. **4:03CR00033GH**
                                          **4:05CV01337GH**

UNITED STATES OF AMERICA                                                      RESPONDENT

## ORDER

Petitioner was indicted on March 11, 20003, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  After a two day jury trial, he was convicted of the offense on May 25, 2001.  The Court sentenced petitioner on September 8, 2004, to 87 months' imprisonment followed by three years' supervised release and a $100 special assessment.  Judgment was entered on September 15, 1004.

Petitioner filed a motion to set aside or reconsider his sentence on October 27, 2004.  The Court denied the motion on November 8, 2004, finding that it did not have the authority to grant the relief requested.  Petitioner filed a motion to modify his sentence on June 6, 2005.  The Court denied the request on June 20, 2005.

Petitioner has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  He contends that (1) the Court's reliance on inaccurate information during sentencing violated his right to due process of law; (2) the Court erroneously believed that the Sentencing Guidelines were mandatory and the sentence imposed violated *United States v. Booker*, 125 S. Ct. 738 (2005), and (3) counsel was ineffective for failing to file a notice of appeal when petitioner requested him to do so.

Petitioner contends that the Court was going to place him on probation based on petitioner's assertion that his wife was about to be deployed to Iraq and he needed to stay home with his handicapped son.  At the time of sentencing, petitioner stated that his wife,

-1-

who was in the Reserves, was slated to be deployed to Iraq. Evidence presented at the sentencing hearing revealed that his wife had not yet received any orders and that no deployment was planned for her unit.

Petitioner's wife was ordered to active duty on April 10, 2005, to which she reported on May 14, 2005. Petitioner contends that the Court, in relying on the report from the United States Probation Officer, thought that petitioner was trying to manipulate the system and imposed a harsher sentence than he would have had there not been what petitioner contends is misinformation regarding Ms. Gatewood's status.

At the September 8, 2004, sentencing hearing, the United States Probation Officer, Kristen Melton, reported that she had contacted the JAG officer, Major Ramsey with the U.S. Army Reserves, who verified Ms. Gatewood's membership. Major Ramsey stated that Ms. Gatewood's company was not slated to be deployed anytime in the near future. Ms. Gatewood testified at the hearing that the commander of her unit had stated that her unit was to be activated sometime by the end of 2004. Ms. Gatewood confirmed that she had not received orders and did not give a specific date that she would go.

Petitioner misconstrues the Court' reasoning for its ruling. The Court considered a number of factors in imposing the sentence, including testimony regarding petitioner's possible involvement in other criminal activity and petitioner's criminal history. Furthermore, the information the Court had concerning Ms. Gatewood was not incorrect. She had not received orders at the time of the sentencing. She could not even assure the Court that she would be deployed.

Section 2255 provides a remedy for the sentencing court to release or re sentence a inmate who claims that "the sentence was imposed in violation of the constitution or laws of the United States or that the court was without jurisdiction to impose such a sentence . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255. It is not intended to provide a remedy for "all claimed errors in convictions and sentencing. " *United States v.*

*Addonizio*, 442 U.S. 178, 185 (1979). Here, the claim of erroneous information does not rise to the level that the misinformation, if there was any, was of constitutional magnitude. *Id*. at 187. The sentence was a lawful one, imposed within the statutory limits. Thus, the Court denies petitioner's first ground for relief.

In his second ground for relief, petitioner asserts that the sentence is improper because the Court erroneously believed that it had to following the sentencing Guidelines He further argues that *Booker* is applicable. Petitioner's assertions are without merit. The Court specifically stated during the sentencing that it did not view the federal sentencing guidelines as mandatory. Furthermore, *Booker* is not retroactive to cases decided before it, as in this instance. *See Never Misses a Shot v. United States*, 413 F. 3d 781 (8th Cir. 2005). Thus, the Court denies petitioner's second ground for relief.      In his third ground for relief, petitioner argues that counsel was ineffective in failing to file a notice of appeal. " A 'counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255.' A showing of actual prejudice is not necessary. Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (citations omitted).

The government makes a number of allegations concerning communications between defense counsel and petitioner. However, the source of the government's information is unclear as the government has failed to attach an affidavit from defense counsel to support the allegations. Petitioner contends that he asked his attorney to file a notice of appeal, which his attorney did not do.

The Court finds that the record is inconclusive regarding whether petitioner instructed his counsel to file an appeal and petitioner is, therefore, entitled to an evidentiary hearing on this third ground for relief. The hearing is scheduled for April 20,

2006 at 9:30 a.m.  The government is directed to issue the appropriate documents to ensure petitioner's presence.

    IT IS SO ORDERED this 21st day of March,  2006.


                                */s/ George Howard, Jr.*
                              UNITED STATES DISTRICT JUDGE